UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY DIAZ, | No. 2:17-cv-1240 CKD P |
| Plaintiff, | |
| v. | ORDER |
| N. DIXON, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se with an action for violation of civil rights pursuant to 42 U.S.C. § 1983 brought against employees of the California Department of Corrections and Rehabilitation. He has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

When plaintiff initiated this action by filing his complaint, he was incarcerated. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or

/////

1

malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has conducted the required screening and finds that plaintiff's complaint states a claim upon which relief could be granted arising under the Eighth Amendment against defendants Dixon and Ferris for use of excessive force. In all other respects, plaintiff's amended complaint fails to state claims upon which relief can be granted.

At this point, plaintiff has two options: 1) he may either proceed only on the claims identified above; or 2) he may attempt to cure the deficiencies with respect to other claims in an amended complaint.

If plaintiff chooses to amend, plaintiff is informed as follows:

1. In order to state a claim for damages, plaintiff must allege facts indicating a clear causal connection between the actions of a defendant and the injury sustained by plaintiff. See Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and an actionable injury. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2. Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual causes injury by being at least deliberately indifferent to a prisoner's serious medical needs. Id.

3. Prisoners do not have a constitutional right to a prison grievance procedure. Ramirez v. Galazza, 334 F.3d 850, 860 (9th Cir. 2003).

4. In order to state claims arising under California law, plaintiff must comply with the terms of the California Tort Claims Act and plead compliance in his complaint. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

5. Plaintiff's amended complaint may not exceed 20 pages. It is generally not necessary to include exhibits with pleadings.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make an amended pleading complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2 & 6) is granted; and

2. Plaintiff is granted thirty days to file an amended complaint that complies with the terms of this order. If plaintiff chooses not file an amended complaint, this action will proceed on plaintiff's claims arising under the Eighth Amendment against defendants Dixon and Ferris.

Dated: November 9, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
diaz1240.1